IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SANDY BYRD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY BUCKNER, | ) | CASE NO. 2:18-CV-122-WKW |
| *in her personal and individual* | ) | (WO) |
| *capacity and in her official capacity as* | ) | |
| *Commissioner of the Alabama* | ) | |
| *Department of Human Resources, et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Sandy Byrd, Jonathan Ponstein, Leeann Ponstein, A.P., Monica Hardman, and Matthew Lawrence allege that Alabama Department of Human Resources ("DHR") officials deprived them of procedural due process in violation of 42 U.S.C. § 1983 and committed several state law torts when DHR placed them on a registry of "indicated" child abusers without affording them a due process hearing. Before the court is Defendants' motion to dismiss (Doc. # 14). Upon consideration of the motion and the complaint, the court will deny the motion to

dismiss and exercise its inherent power to dismiss Plaintiffs' shotgun complaint with leave for Plaintiffs to file an amended complaint.[1]

## I. STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and

---

[1] A similar order was entered in the related *Collier v. Buckner* case. *Collier v. Buckner*, No. 2:15-CV-256-WKW, 2016 WL 1690421 (M.D. Ala. Apr. 27, 2016). There, Plaintiffs' counsel, who is the same counsel as in this case, received similar instructions regarding proper pleadings. Those instructions were not followed in the present case, but in fairness to the new set of Plaintiffs, the court again provides counsel direction and offers Plaintiffs the opportunity to appropriately plead their case.

direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[] the sin of not separating into a different count each cause

3

of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Plaintiffs' complaint embodies all four traditional categories of shotgun pleading. This complaint is brought by six individual Plaintiffs against nine Defendants in their official and individual capacities. It appears that not all Defendants engaged in the same conduct and none of the Plaintiffs have claims against all Defendants. Nevertheless, each count "reallege[s] and adopt[s] all of the foregoing paragraphs and averments of the[] Complaint as set forth fully herein," (Doc. # 1, at 17-24), and is asserted by all Plaintiffs against all Defendants.

Moreover, many of Plaintiffs' causes of action are stated using legal conclusions with no or minimal factual context so that it is difficult to know what acts or omissions each Defendant is alleged to have committed as to which claim. For example, state law claims for fraud, deceit, and suppression of material fact contain no explanation as to which Defendant might be responsible for the purportedly deceitful statements as to which Plaintiffs.[2]

---

[2] The court will trust Plaintiffs' counsel to draft a sufficient amended complaint without the court pointing out every deficiency in the original one. It is Plaintiffs' responsibility to "present [their] claims discretely and succinctly." *Weiland*, 792 F.3d at 1320.

Defendants filed a motion to dismiss the complaint and whatever claims might be alleged in it. However, it is "virtually impossible to know" from Plaintiffs' shotgun complaint "which allegations of fact are intended to support which claim(s) for relief" by which Plaintiffs against which Defendants, and in what capacity or capacities. *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing "the perfect example of a shotgun pleading"). Thus, in considering the motion to dismiss, the court cannot "determine which facts support which claims." *Weiland*, 792 F.3d at 1320.

"Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367. Thus, "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "If the trial judge does not quickly demand repleader [of a shotgun complaint], all is lost — extended and largely aimless discovery will commence, and the trial court will soon be drowned

in an uncharted sea of depositions, interrogatories, and affidavits." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). As a case proceeds on a shotgun complaint, "[g]iven the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues." *Id*. Accordingly, it is particularly crucial for the court to ensure that justice is administered efficiently from the outset of each case.

Therefore, in accordance with the court's "power and []duty to define the issues at the earliest stages of litigation," all of Plaintiffs' claims will be dismissed without prejudice with leave granted to Plaintiffs to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Order. *Johnson Enters.*, 162 F.3d at 1333; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader *sua sponte*.").

### III. CONCLUSION

Accordingly, based on this court's inherent power to manage its docket, it is ORDERED:

1. Plaintiffs' claims are DISMISSED without prejudice.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs are granted leave to file an amended complaint **on or before September 27, 2018**, that complies

with the pleading requirements of the Federal Rules of Civil Procedure and the following requirements of this Order:

a. The amended complaint must set forth, with clarity, short and plain statements showing Plaintiffs are entitled to relief. The body of the complaint shall contain (1) a statement of the grounds for the court's jurisdiction; (2) allegations of fact showing that each Plaintiff is entitled to relief; (3) claims for relief set forth in various counts of the complaint; and (4) a demand for relief sought. Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b).

b. The complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, and material to Plaintiffs' claims. Plaintiffs must allege facts showing each Defendant's involvement in each claim and how each Defendant violated Plaintiffs' rights.

c. Plaintiffs may not simply incorporate all factual allegations by reference into every count; rather, Plaintiffs must indicate with clarity which specific factual allegations are material to each specific count.

d. Counts that pertain to fewer than all Plaintiffs shall not be asserted on behalf of "Plaintiffs" as an entire group, and counts that pertain to fewer than all Defendants in all capacities shall not be asserted against "Defendants" as an entire group. The complaint should make clear

which Plaintiffs and which Defendants *are and are not* subject to each count.

    e.    The complaint must state which counts and demands for relief (including demands for injunctive, declaratory, and monetary relief) are asserted against which Defendant(s) and *in what capacity* (official capacity, individual capacity, or both). Plaintiffs shall have a colorable legal basis for asserting each count or demand for relief against each particular Defendant in each specified capacity. Fed. R. Civ. P. 11(b)(2).

3.    Defendants' motion to dismiss (Doc. # 14) is DENIED without prejudice to reassert any arguments that may be relevant to the amended complaint.

Plaintiffs are ADVISED that, if they do not file an amended complaint on or before **September 27, 2018**, this action will be dismissed without prejudice. Claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 10th day of September, 2018.

                                        /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE